IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTHA LOPEZ MENCHACA, § | | |
| Petitioner, § | | |
| § | 3:16-CV-2334–B | |
| v. § | 3:13-CR-0276-B (15) | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

I.

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. On February 18, 2014, Petitioner pled guilty to conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846. On January 23, 2015, the Court sentenced her to an 87-month prison term. She did not file a direct appeal.

On July 31, 2016, Petitioner filed the instant § 2255 petition. She seeks a mitigation role adjustment to her sentence under U.S.S.G. § 3B1.2 as clarified by U.S.S.G. Amendment 794. On October 4, 2017, Petitioner also filed a motion to reduce her sentence for substantial assistance to the government.

II.

**1.     Amendment 794**

Petitioner's claim that she is entitled to a reduced sentence under Amendment 794 alleges a misapplication of the sentencing guidelines, which is not cognizable under § 2255.  *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).  Instead, a claim for reduction of sentence due to a retroactive guideline amendment should be brought under 18 U.S.C. § 3582(c)(2).  *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994) (per curiam).

Here, even if the court construed Petitioner's motion as one brought under § 3582 (c)(2), she would not be entitled to relief.  Under 18 U.S.C. § 3582(c)(2) a court may modify a previously imposed sentence if the defendant's applicable sentencing range under the sentencing guidelines has subsequently been lowered by the Sentencing Commission.  *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009); *see also* U.S.S.G. § 1B1.10(a).  Section 3582(c)(2) applies only to retroactive guidelines amendments, as set forth in the guidelines policy statement.  *See* U.S.S.G. § 1B1.10(a).

Amendment 794 became effective on November 1, 2015.  It did not alter the language of U.S.S.G. § 3D1.2, but merely clarified that, when determining a defendant's role in criminal activity for purposes of § 3B1.2, the court should compare the defendant's role to other participants in the criminal activity at issue, not to persons participating in other similar crimes.

Except on direct appeal, a clarifying amendment is not retroactively applicable unless it is listed in U.S.S.G. § 1B1.10(d). *See United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996); *United States v. Rodriguez*, 306 Fed. App'x 147, 148 (5th Cir. 2009). Amendment 794 is not listed in U.S.S.G. § 1B1.10(d). *See United States v. Gomez-Valle*, 828 F.3d 324, 330 (5th Cir. 2016). Therefore, it does not apply retroactively under § 3582(c) and Petitioner is not entitled to relief.

**2.    Substantial Assistance**

On October 4, 2017, Petitioner filed a motion asking the Court to exercise its discretion to grant her a reduction in sentence based on her substantial assistance to the government. Petitioner states the government informed her it would file a motion for reduction of sentence for her substantial assistance, but she does not know if one was filed. The record shows the government filed a motion for downward departure based on Petitioner's substantial assistance, and that the district court granted the motion on January 20, 2015. Petitioner's motion should be denied.

III.

For the foregoing reasons, the Court recommends that: (1) the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be denied; and (2) Petitioner's motion for reduction of sentence based on her substantial assistance, (ECF No. 6), be denied.

Signed this 7th day of November, 2017.

                                         _____
                                          PAUL D. STICKNEY
                                          UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).